**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| MICHAEL A. DISANTIS,<br><br>   Plaintiff<br><br>v.<br><br>R. RUDD and K. TAVLAS,<br><br>   Defendants | Civil No. 25-12052 (RMB-MJS)<br><br><br>**MEMORANDUM OPINION** |

**IT APPEARING THAT:**

1.      Plaintiff Michael A. Disantis ("Plaintiff"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, filed this civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983 together with an application to proceed *in forma pauperis* ("IFP"). Compl. ¶ 1, Dkt. No. 1.

2.      Because Plaintiff seeks to proceed without prepayment of fees, the Court must screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Under those statutes, the Court must dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks damages from a defendant immune from such relief.

3.      The standard for dismissal for failure to state a claim under these statutes is the same as the standard governing dismissal under Federal Rule of Civil Procedure

1

12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4.      To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

5.      Courts must liberally construe pleadings filed by *pro se* litigants and apply the applicable law, even when the complaint has inartfully pleaded claims. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## I.      FACTUAL ALLEGATIONS

6.      Plaintiff names as defendants Senior Correctional Police Officers R. Rudd and K. Tavlas, who were employed by the New Jersey Department of Corrections and assigned to New Jersey State Prison during the events alleged in the Complaint. Compl. ¶¶ 10–12. Plaintiff brings his claims against the Defendants solely in their individual capacities. *Id.*[1]

---

[1] The distinction between individual-capacity and official-capacity suits is significant in actions brought under 42 U.S.C. § 1983. A suit against a state official in his official capacity is treated as a suit against the State itself and is generally barred by the Eleventh Amendment when the plaintiff seeks monetary damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). By contrast, state officials may be held personally liable for damages in their individual capacities for actions taken under color of state law that violate federal rights. *Hafer v. Melo*, 502 U.S. 21, 25–27 (1991). Because Plaintiff expressly sues Defendants in their individual capacities, the Court construes the Complaint accordingly.

7.      Plaintiff alleges that he was housed in the infirmary unit at New Jersey State Prison and suffered from mobility limitations that required the use of a wheelchair. Compl. ¶ 13.

8.      According to the Complaint, on July 28, 2025, Defendants entered Plaintiff's cell accompanied by inmate medical porters and instructed Plaintiff to exit the cell so that the porters could clean the area. Compl. ¶¶ 14–15.

9.      Plaintiff alleges that he complied with Defendants' instructions and was placed in a wheelchair. Compl. ¶ 18.

10.     Plaintiff further alleges that after he was seated in the wheelchair and placed in handcuffs, Defendants physically assaulted him. Compl. ¶¶ 18–19.

11.     Specifically, Plaintiff claims Defendants punched him in the head and torso, slammed him onto the floor, stomped and kicked him with their boots, and deployed pepper spray into his eyes, mouth, and nose. Compl. ¶¶ 19–27.

12.     Plaintiff asserts that he was unable to defend himself during the incident because he was handcuffed and wheelchair-bound. Compl. ¶¶ 18, 26.

13.     Plaintiff alleges that the incident caused significant injuries, including neurological trauma, hemorrhaging, contusions, and an avulsion fracture of the talus, as well as psychological harm. Compl. ¶¶ 29–31; *see also* Exhibit A, Dkt. No. 1-3 at 1.

14.     Plaintiff further alleges that video footage from surveillance cameras and body-worn cameras recorded the incident. Compl. ¶ 28.

3

15.     Based on these allegations, Plaintiff asserts claims under § 1983 for excessive force in violation of the Eighth Amendment, as well as state-law claims for assault and battery and intentional infliction of emotional distress. Compl. ¶¶ 33–44.

## II.   DISCUSSION

### A. Eighth Amendment Excessive Force – Count I

16.     The Eighth Amendment prohibits the unnecessary and wanton infliction of pain upon prisoners. *See Johnson v. N.J. Dep't of Corr.*, No. 11-5764 (RMB/JS), 2015 U.S. Dist. LEXIS 127170, at *13 (D.N.J. Sep. 23, 2015) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

17.     In evaluating an excessive-force claim, courts consider whether force was applied "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Johnson*, 2015 U.S. Dist. LEXIS 127170, at *13 (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

18.     Relevant factors include the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by officials, and the extent of injury suffered by the inmate. *Hudson*, 503 U.S. 1, 7; *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000).

19.     At the screening stage, Plaintiff's allegations that Defendants assaulted him while he was handcuffed and seated in a wheelchair, and after he had complied with their instructions, are sufficient to state a plausible claim that force was applied

maliciously and sadistically rather than in a good-faith effort to maintain discipline. Compl. ¶¶ 18–27.

20.     Accordingly, Plaintiff's § 1983 excessive-force claim against Defendants Rudd and Tavlas will be permitted to **PROCEED** past screening.

### B. State-Law Assault and Battery – Count II

21.     Under New Jersey law, a battery occurs where a defendant intentionally causes a harmful or offensive contact with another person, while an assault consists of an act intended to place another in apprehension of such contact. *See* N.J.S.A. § 2C:12-1 (defining assault to include attempts to cause bodily injury and placing another in fear of imminent injury); *Leang v. Jersey City Bd. of Educ.*, 198 N.J. 557, 591 (2009).

22.     Plaintiff's allegations that Defendants punched, kicked, stomped, and sprayed him with chemical agents while he was restrained sufficiently plead intentional harmful contact and apprehension of such contact. Compl. ¶¶ 25–27.

23.     Because these allegations arise from the same nucleus of operative facts as Plaintiff's federal claim, the Court may exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(a).

24.     Plaintiff's state-law assault and battery claims will therefore be permitted to proceed.

### C. Intentional Infliction of Emotional Distress – Count III

25.     To state a claim for intentional infliction of emotional distress under New

5

Jersey law, a plaintiff must allege: (1) intentional or reckless conduct; (2) conduct that is extreme and outrageous; (3) a causal connection between the conduct and the emotional distress; and (4) severe emotional distress. *Taylor v. Metzger*, 152 N.J. 490, 509 (1998).

26.     Conduct is considered "extreme and outrageous" when it is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Id.*

27.     Plaintiff alleges that Defendants violently assaulted him while he was handcuffed and wheelchair-bound, causing both serious physical injuries and severe psychological trauma. Compl. ¶¶ 29–31, 40–42.

28.     At the pleading stage, these allegations are sufficient to plausibly allege conduct that could satisfy the "extreme and outrageous" standard.

29.     Accordingly, Plaintiff's intentional infliction of emotional distress claim will also be permitted to **PROCEED**.

## III.   CONCLUSION

30.     For the foregoing reasons, the Court will grant Plaintiff's application to proceed *in forma pauperis*, allow Plaintiff's federal excessive-force claim and related state-law tort claims to proceed against Defendants Rudd and Tavlas, and direct service of the Complaint.

An appropriate Order follows.

Date: **March 12, 2026**

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**Chief United States District Judge**
